# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1514V
(not to be published)

| | |
|---|---|
| NICHOLAS L. DOMENICO,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 18, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rate; Non-Compensable Billing; Administrative Time; Attorney Costs |

*Patrick McKevitt*, Whiteford, Taylor & Preston, Baltimore, MD, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

　　On October 1, 2019, Nicholas Domenico filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration after receiving an influenza vaccine on September 27, 2017. (Petition at 1). On June 9, 2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 44).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated December 21, 2021 (ECF No. 48), requesting a total award of $34,474.87 (representing $33,479.00 in fees and $995.87 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that he incurred no out-of-pocket expenses. (Id. at 2). Respondent reacted to the motion on December 21, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 49). Petitioner did not file a reply.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests that I endorse rates for attorney Patrick McKevitt as follows: $355 per hour for time billed in 2018, and $415 per hour for time billed in 2019 – 2021. (ECF No. 48-1 at 2). Additionally, Petitioner requests the rate of $175 for paralegal Ronleigh Pohl, and $225 per hour for paralegal Theresa A. Tilghman. (Id). Some reductions are warranted.

Mr. McKevitt has been licensed since 2011, placing him in the range of attorneys with 4-7 years' experience for 2018 and 8-10-years' experience for 2019 - 2021 based on the OSM Attorney Fees Rate Schedule.[3] (ECF No. 48-2 at 3). Mr. McKevitt's requested rates thus exceed what an attorney with comparable overall legal experience (including those with a lack of vaccine petition-specific experience) would receive in the Vaccine Program. *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When determining the appropriate hourly rate within these ranges, I consider the additional factors set forth in *McCulloch*: experience in the Vaccine Program, overall legal experience, the quality of work performed, and reputation in the legal community and community at large. 2015 WL 5634323, at *17.

Mr. McKevitt otherwise does not have significant demonstrated Vaccine Act experience to support his requested rates, with this matter being his first Program case.[4] It is for this reason I find it appropriate to utilize a rate for his time more in line with his Vaccine Program experience and overall legal experience, and therefore award the following rates: $295 per hour for 2018; $315 per hour for 2019; $340 per hour for 2020; and $365 per hour for 2021. As a result, the amount of fees to be awarded in this case is reduced by **$4,388.00**.[5]

Just as with Mr. McKevitt, the requested paralegal rates exceed the ranges for a paralegal on the OSM Attorney Fees Rate Schedule.[6] I shall therefore reduce the

---

[3] These rates are derived from application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] Court records show that Mr. McKevitt has one case closed in which a motion for attorney fees and costs has not been filed to date. Additional one open case is still pending before the Court.

[5] This amount consists of: ($355 - $295 = $60 x 9.8 hrs = $588) + ($415 - $315 = $100 x 14.8 hrs = $1,480) + ($415 - $340 = $75 x 9.4 hrs = $705) + ($415 - $365 = $50 x 32.3 hrs = $1,615) = $4,388.00.

[6] These rates are derived from the application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

requested rates to the following: $145 per hour for time billed in 2018 and 2019; $155 per hour for time billed in 2020; and $165 per hour for time billed in 2021. This reduces the fees to be awarded by the amount of **$1,547.00**.[7]

## ATTORNEY COSTS

Petitioner requests $995.87 in costs. (ECF No. 48-1 at 20). This amount is comprised of the Court's filing fee, copy charges and medical records. On January 19, 2022, a scheduling order was issued requesting Petitioner file documentation to substantiate his request for costs. (ECF No. 50). On January 25, 2022, Petitioner filed the requested documentation. (ECF No. 51 – 2).

I have reviewed the requested costs and find the majority of them to be reasonable, with an exception of a single cost that remain unsubstantiated. This cost is listed as; "MRO-Medical Report – MMHS Physician Billing Records" in the amount of $23.64. (ECF No. 48-1 at 19). As this cost has no supporting documentation, it will not be reimbursed. This reduces the costs to be awarded by **$23.64**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$28,516.23** (representing $27,544.00 in fees and $972.23 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[8]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] This amount consists of: ($225 - $145 = $80 x 5.5 hrs = $440) + ($225 - $145 = $80 x 5 hrs = $400) + ($225 - $155 = $70 x 1.6 hrs = $112) + ($225 - $165 = $60 x 1.7 hrs = $102) + ($175 - $145 = $30 x 9.9 hrs = $297) + ($175 - $155 = $20 x 9.8 hrs = $196) = $1,547.00.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.